```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ANTHONY WINDLEY,                         :
                      Petitioner,        :
                                         :        11 Civ. 1275(DLC)
           -v-                           :
                                         :        OPINION AND ORDER
WILLIAM LEE, Superintendant, Greenhaven  :
Correctional Facility,                   :
                                         :
                      Respondent.        :
                                         :
-----------------------------------------X
```

Petitioner:
Anthony Windley
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

For the Respondent:
Brian Joseph Reimels
Office of the District Attorney, Bronx County
198 East 161st Street
Bronx, NY 10451

DENISE COTE, District Judge:

   Petitioner Anthony Windley ("Windley") filed this petition for a writ of habeas corpus on February 7, 2011.  On March 23, this Court ordered the respondent to answer the petition and referred the action to Magistrate Judge Debra Freeman for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  On December 6, 2012, Magistrate Judge Freeman issued a Report recommending that the petition be dismissed.

   On January 23, 2013, the Court received Windley's objections to the Report.  Windley's objections were filed on

the Electronic Case Filing system on February 5, 2013. Having considered those objections, the petition is denied for the following reasons.

BACKGROUND

Petitioner is a four-time convicted felon. He has previously pleaded guilty to attempted murder in the second degree, attempted criminal sale of a controlled substance in the fifth degree, and the federal crime of being a felon in possession of a firearm. On November 23, 2005, Windley was convicted following trial of two counts of felony criminal possession of a controlled substance in the third degree, one count of misdemeanor criminal possession of a controlled substance in the seventh degree, and two counts of felony conspiracy in the fourth degree. Windley was adjudicated as a persistent felony offender and sentenced under New York Penal Law Section 70.10.

On March 20, 2007, Windley appealed his conviction to the First Department of the Appellate Division. On appeal, Windley raised a claim that his adjudication as a persistent felony offender by a judge rather than a jury violated his rights under the Sixth and Fourteenth Amendments. The Appellate Division denied this claim on the merits and affirmed Windley's conviction on December 13, 2007. People v. Windley, 847


the Electronic Case Filing system on February 5, 2013. Having considered those objections, the petition is denied for the following reasons.

BACKGROUND

Petitioner is a four-time convicted felon. He has previously pleaded guilty to attempted murder in the second degree, attempted criminal sale of a controlled substance in the fifth degree, and the federal crime of being a felon in possession of a firearm. On November 23, 2005, Windley was convicted following trial of two counts of felony criminal possession of a controlled substance in the third degree, one count of misdemeanor criminal possession of a controlled substance in the seventh degree, and two counts of felony conspiracy in the fourth degree. Windley was adjudicated as a persistent felony offender and sentenced under New York Penal Law Section 70.10.

On March 20, 2007, Windley appealed his conviction to the First Department of the Appellate Division. On appeal, Windley raised a claim that his adjudication as a persistent felony offender by a judge rather than a jury violated his rights under the Sixth and Fourteenth Amendments. The Appellate Division denied this claim on the merits and affirmed Windley's conviction on December 13, 2007. People v. Windley, 847

N.Y.S.2d 533, 534 (1st Dep't 2007).  Petitioner then sought leave to appeal to the Court of Appeals and his request was denied on January 28, 2008.

Petitioner originally filed his habeas corpus petition on August 19, 2008, but withdrew this petition in order to exhaust additional claims in state court.  Windley then filed a motion under Section 440.10 of the New York Criminal Procedure Law in Bronx County Supreme Court on February 23, 2009.  His motion raised a claim of ineffective assistance of counsel based on roughly five alleged shortcomings in the representation he received from trial counsel Robert Walters ("Walters"): 1) counsel deprived petitioner of his right to testify; 2) counsel failed to pursue and convey plea opportunities; 3) counsel failed to object at critical stages of the trial; 4) counsel allegedly opened the door to harmful testimony that was previously held inadmissible; and 5) counsel failed to investigate and to prepare adequately, both prior to and during trial.  The state court rendered a decision dismissing some of Windley's claims, held an evidentiary hearing, and then rendered a decision denying, in relevant part, Windley's claims that Walters denied Windley his right to testify and failed to pursue or convey plea opportunities.

Windley's present petition raises two claims.  First, petitioner claims that his constitutional right to a jury trial

was violated because a judge, rather than a jury, adjudicated and sentenced him as a persistent felony offender.  Second, petitioner claims that he was deprived of the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments.  Petitioner's second claim is based on the same five grounds raised in his 440.10 motion.  Magistrate Judge Freeman's Report recommends the petition be dismissed.  Windley filed timely objections to some, but not all of Magistrate Judge Freeman's determinations.

DISCUSSION

Where a state court has reached the merits of a federal claim, habeas relief may not be granted unless the state court's decision was "contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

A reviewing court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge.  The court shall make a de novo determination of those portions of the Report to which objection is made. United States v. Male Juvenile, 121 F.3d 24, 28 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made "a district court need only satisfy itself that there is no clear error on the face of the record." Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation omitted).

I. Apprendi Violation

  Windley first argues that his sentencing under New York Penal Law § 70.10 as a persistent felony offender by a judge rather than a jury violated his Sixth and Fourteenth Amendment rights to have a jury decide facts that enhanced his sentence. He claims that the Appellate Division's dismissal of his claim is an unreasonable application of clearly established federal law as determined by the Supreme Court, namely Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny.

  The Report recommends that this claim be dismissed because the Appellate Division denied this claim on the merits and the Appellate Division's decision is not contrary to or an unreasonable application of clearly established federal law.  In reaching this conclusion, the Report highlights the fact that the New York Court of Appeals has addressed the constitutionality of § 70.10 on three occasions, each time

5

concluding that the statute does not violate the principles articulated in Apprendi. The Report also emphasizes that the Second Circuit has three times, including most recently in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010)(en banc), held that the New York Court of Appeal's construction of § 70.10 is entitled to deference under the Antiterrorism and Effective Death Penalty Act.

Windley objects that the New York and Second Circuit cases on which the Magistrate Judge relies actually address New York Penal Law § 70.08 -- the violent persistent felony offender statute -- rather than § 70.10 -- the discretionary persistent felony offender statute. He insists that § 70.10 indisputably requires judicial fact-finding of a fact other than the offender's prior convictions and this fact-finding is a violation of Supreme Court precedent. See Apprendi, 530 U.S. at 490.

New York's recidivist sentencing scheme distinguishes between two categories of recidivists, namely "persistent violent felony offenders" and "persistent felony offenders." Portalatin, 624 F.3d at 73. When a court determines that a defendant is a persistent violent felony offender, the court must impose an enhanced sentence. See N.Y. Penal Law § 70.08. In contrast, when a defendant is found to be a persistent felony offender, enhanced sentencing is at the trial court's

6

discretion.  <u>See</u> N.Y. Penal Law § 70.10.  As a result, this latter sentencing provision is often called the "discretionary persistent felony offender statute."  <u>Portalatin</u>, 624 F.3d at 74.  Section 70.10(2) provides that

> When the court has found, pursuant to the provisions of the criminal procedure law, <u>that a person is a persistent felony offender</u>, and <u>when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest</u>, the court, in lieu of imposing the sentence of imprisonment authorized by section 70.00, 70.02, 70.04, 70.06 or subdivision five of section 70.08 for the crime of which such person presently stands convicted, <u>may</u> impose the sentence of imprisonment authorized by that section. . . .

N.Y. Penal Law § 70.10 (emphasis supplied).  A person's status as a "persistent felony offender" is determined purely on the basis of the person's prior convictions.  In addition, however, the statute directs the court to make a determination that the offender's "history and character" and the "nature and circumstances" of his criminal conduct make extended incarceration in the public's best interest ("Public Interest Requirement").  <u>See also</u> N.Y. Crim. Proc. Law § 400.20(1).  It is this latter requirement that has been challenged as requiring unconstitutional judicial fact-finding.

The Report correctly notes that the New York Court of Appeals has addressed the constitutionality of the <u>discretionary</u> persistent felony offender statute, N.Y. Penal Law § 70.10, on

7

three occasions.  See People v. Quiones, 12 N.Y.3d 116, 131 (2009); People v. Rivera, 5 N.Y.3d 61, 71 (2005); People v. Rosen, 96 N.Y.2d 329, 336 (2001).  In these cases, the New York Court of Appeals has determined that the offender's prior convictions are the "sole determinate" of whether the defendant is subject to an enhanced sentence.  Quiones, 12 N.Y.3d at 127.  Section 70.10's Public Interest Requirement is not an additional prerequisite; instead, it merely "sets the parameters of one of the sentencing court's most traditional and basic functions, i.e., the exercise of sentencing discretion."  Quinones, 12 N.Y.3d at 130.  The Report also correctly points out that the Second Circuit has repeatedly confirmed that the New York Court of Appeal's construction of Section 70.10 is neither contrary to nor an unreasonable application of clearly established federal law.  Portalatin, 624 F.3d at 93-94; Brown v. Miller, 451 F.3d 54, 58-59 (2d Cir. 2006); Brown v. Greiner, 409 F.3d 523, 534-35 (2d Cir. 2005).  Accordingly, the Report's recommendation is adopted and this claim is denied.

II. Ineffective Assistance of Counsel

   Windley also argues that his habeas petition should be granted because he was denied effective assistance of counsel at trial.  In his petition, Windley cites five grounds for finding that trial counsel was ineffective.  The Report concludes that one of these claims may be unexhausted, but, in any event, none

8

of the grounds establish that Windley was denied effective assistance of counsel.  Windley filed objections to the Report's conclusions in connection with Windley's specific claims that trial counsel was ineffective for failing (1) to inform him that he had the right to testify at trial and that the decision was his to make; and (2) to convey a plea offer of 8-to-16 years that Windley believes was made.

The Supreme Court has established a two-part test for evaluating claims of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord Bennett v. United States, 663 F.3d 71, 84 (2d Cir. 2011). "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687.  "Second, the defendant must show that the deficient performance prejudiced the defense." Id.  While the defendant must prove both deficient performance and prejudice, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

9

A. Right to Testify

In his petition, Windley claims that his trial counsel never told him that the decision of whether to testify was Windley's decision and that counsel instead made a unilateral decision to keep Windley off the stand. The Report rejects this claim on several grounds, including the fact that the petitioner failed to establish that he was prejudiced by counsel's failure to inform him of his right to testify.

As Magistrate Judge Freeman's Report notes, the state court that decided petitioner's 440.10 motion held an evidentiary hearing over the span of six-days at which both Walters and the petitioner testified. During the hearing, Windley did not dispute that he waited three years after his conviction before raising the claim that his counsel had denied him the right to testify. It was also undisputed that Windley had previously engaged in plea colloquies in which he had acknowledged that he understood he was giving up his right to testify. Most significantly, during the hearing, Windley was unable to offer much detail about the testimony he would have given had he testified at his trial or how he would have responded to the state's evidence. Following the hearing, the state court denied Windley's claim. After describing some of the critical evidence against Windley, it held that:

> [c]onsidering defendant's inability to even
> meaningfully address such specific and incriminatory
> evidence, this court cannot accept that had defendant
> testified at trial, there is a reasonable probability
> that the result would have been different.

People v. Windley, 28 Misc.3d 1232(A), at *14 (N.Y. Sup. Ct. 2010).

The state court's conclusion is fully supported by the hearing record. Windley has not rebutted this conclusion with clear and convincing evidence or shown that it is an unreasonable application of clearly established federal law as determined by the Supreme Court. Accordingly, the Report's recommendation is adopted on this basis, and the claim is denied.

B. Failure to Convey Plea Offer

In his petition, Windley also claims that Walters was ineffective because he failed to convey a plea offer of 8-to-16 years to petitioner. The Strickland standard for ineffective assistance of counsel claims applies in the plea context. See Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012); Hill v. Lockhart, 474 U.S. 52, 58 (1985). An attorney has an obligation to convey the terms of a plea offer to a defendant and the failure to do so constitutes deficient performance under Strickland. United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010); Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999). Where a petitioner's claim is based on counsel's alleged failure to

convey a plea offer, the petitioner must show that an offer was made to counsel but not conveyed to petitioner.  In addition, in order to satisfy the prejudice prong of Strickland, petitioner must show that had he been informed of and counseled regarding the plea offer,

> the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 132 S.Ct. at 1385.

The Report notes that this claim is arguably unexhausted because the specific factual predicate on which it hinges -- that counsel failed to convey a plea offer of 8-to-18 years -- was not raised in Windley's 440.10 motion.[1]  Instead, in his 440.10 motion, Windley claimed that Walters failed to convey a plea offer of 7 years made by the state.  Following the evidentiary hearing, the hearing court determined that (1) it was "highly incredible that counsel neither briefed [petitioner] on plea matters nor included him in plea negotiations;" (2) the "dearth of [plea] negotiations" was petitioner's doing, since he had "constructively foreclosed any meaningful negotiations by

---

[1] In a letter dated March 7, 2013, the petitioner requests a stay of his habeas petition to permit him to exhaust all of his state remedies.  Because petitioner's arguably unexhausted claim is denied on the merits, it is unnecessary to stay the petition.

convey a plea offer, the petitioner must show that an offer was made to counsel but not conveyed to petitioner.  In addition, in order to satisfy the prejudice prong of Strickland, petitioner must show that had he been informed of and counseled regarding the plea offer,

> the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 132 S.Ct. at 1385.

The Report notes that this claim is arguably unexhausted because the specific factual predicate on which it hinges -- that counsel failed to convey a plea offer of 8-to-18 years -- was not raised in Windley's 440.10 motion.[1]  Instead, in his 440.10 motion, Windley claimed that Walters failed to convey a plea offer of 7 years made by the state.  Following the evidentiary hearing, the hearing court determined that (1) it was "highly incredible that counsel neither briefed [petitioner] on plea matters nor included him in plea negotiations;" (2) the "dearth of [plea] negotiations" was petitioner's doing, since he had "constructively foreclosed any meaningful negotiations by

---

[1] In a letter dated March 7, 2013, the petitioner requests a stay of his habeas petition to permit him to exhaust all of his state remedies.  Because petitioner's arguably unexhausted claim is denied on the merits, it is unnecessary to stay the petition.

imposing strictures on the plea parameters;" and (3) Walters <u>did</u> properly pursue plea opportunities and convey "any discussions regarding plea negotiations to the [petitioner] . . . to the extent possible given [petitioner's] ostensible intractability." <u>Windley</u>, 28 Misc.3d 1232(A), at *14, *16.  In light of the hearing court's factual determinations and because petitioner has not shown a reasonable probability that he would have accepted a plea offer of 8-to-16 years, the Report recommends denying petitioner's claim on the merits.

Windley objects to the Report's recommendation, arguing that the hearing record reveals that plea offers of 8, 8-to-16, and 17 years were made but never conveyed to the petitioner.[2]  He further contends that there is a reasonable probability that, if conveyed, he would have accepted any one of these offers, all of

---

[2] Petitioner raises in his objections a claim not asserted in his petition -- that counsel failed to advise him of the state's plea offer of 17 years.  Petitioner also claims that counsel was deficient because he never informed petitioner that he faced the possibility of being sentenced as a persistent felony offender.  Windley raised a variation of this claim in his 440.10 motion and in his petition, arguing that "counsel failed to investigate the law on the defendant's maximum exposure if found guilty" and that, had counsel been better prepared, he would have "been aware of the maximum sentence the petitioner was exposed to upon a guilty verdict on any felony count."  The hearing court held that Windley's "assertion contains nothing more than mere conclusory allegations and fails to specify what Mr. Walters could have, and should have, done differently."  Magistrate Judge Freeman's Report also points out that both the trial and hearing transcripts suggest that Walters did understand Windley's potential exposure to incarceration.  Windley raises no objection to the Report's determination of this claim.

which included a lighter sentence than the sentence of 20 years-to-life he is presently serving.  As an Assistant District Attorney confirmed during petitioner's 440.10 hearing, a plea offer of 17 years was made.[3]  Petitioner's sole evidence that any offer below 17 years was made is Walters testimony at the hearing that "there may have been [an offer], if my memory serves me correctly, I think it was maybe 8 to 16, or something like that."  In addition, other than petitioner's own testimony, there is little in the record to suggest that any plea offer that was made was not conveyed to the petitioner.  In sum, petitioner has failed to show, by clear and convincing evidence, that the hearing court's determination that Walters conveyed "any discussions regarding plea negotiations to the [petitioner] . . . to the extent possible" is incorrect.

In addition, with respect to the plea offer of 17 years, petitioner has not demonstrated a reasonable probability that, if counsel had conveyed the offer to him, he would have accepted it.  During the 440.10 hearing, Windley testified that he would have accepted a plea offer of "[m]aybe eight years, ten years, but definitely nothing with life."  With respect to any plea offer above 10 years, he testified that he would have consulted

---

[3] The record does not disclose when the 17 year plea offer was made.  Windley was represented by two other attorneys prior to retaining Walters.  As Walters recalled, when he entered the case, an offer of approximately 12-to-life had previously been made.

14

with his family before accepting such an offer.  In particular, Windley stated that

> I would have spoke[n] to my mother and my wife and we would ha[ve] had a dialogue about it and we would have figured out the hardships and then I would have made a decision at that point. . . .

Accordingly, Windley has not shown a reasonable probability that he would have accepted an offer of 17 years.  Accordingly, the Report's recommendation is adopted and petitioner's claim is denied.

Petitioner has raised no objections to the remainder of Magistrate Judge Freeman's Report.  Finding no clear error, the remainder of the Report is adopted.


CONCLUSION

The Recommendation of Magistrate Judge Freeman is adopted as described above and the petition is dismissed.  In addition, I decline to issue a certificate of appealability.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  I also find pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  Coppedge v. U.S.,

369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         May 15, 2013

_____
DENISE COTE
United States District Judge

```
COPIES MAILED TO

Anthony Windley
DIN# 06-A-1091
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582
```